UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON M.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. 25-10098
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ON CROSS MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 7, 9)**

## I.  Introduction

Plaintiff Shannon M. appeals the final decision of defendant Commissioner of Social Security (Commissioner) to deny his application for disability insurance benefits (DIB) under the Social Security Act. Both parties filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 5; ECF No. 7; ECF No. 9.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff had the severe impairments of "degenerative disc disease of the lumbar spine and depressive disorder."  ECF No. 4-1, PageID.32.

2. Plaintiff had no impairments that met or medically equaled a listed impairment.  *Id.*, PageID.34-35.

3. Plaintiff had the residual function capacity (RFC) "to perform light work as defined in 20 CFR 404.1567(b) except he can climb ramps and stairs frequently. He can climb ladders, ropes, or scaffolds occasionally. He can occasionally stoop, kneel, crouch, and crawl. He can occasionally work at unprotected heights, near moving mechanical parts, and around vibration (tools or environment). He is limited to simple, routine, and repetitive work, but not at a production rate and pace, and would thus be unable to learn tasks that required instruction beyond a short demonstration up to and including one month to learn, and would be limited to applying commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations.  *Id.*, PageID.36.

Relying on the testimony from a vocational expert, the ALJ found that jobs existed in the national economy that plaintiff could perform, and that plaintiff was not disabled.  *Id.*, PageID.44.

II.     Analysis

A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs*., 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Under these standards, the Court affirms the Commissioner's decision.

3

## A.

Plaintiff starts by challenging the ALJ's assessment of his RFC.  He bears the burden of demonstrating the need for a more restrictive RFC.  *Jordan v. Comm'r of Soc. Sec.,* 548 F.3d 417, 423 (6th Cir. 2008).

Plaintiff claims that the ALJ's "RFC fails to reflect the need for assistive devices, frequent repositioning," and unspecified "functional limitations from multi-site injuries."  ECF No. 7, PageID.1457.  And plaintiff alleges that the ALJ's failure stems from him "focusing narrowly on degenerative disc disease and disregarding later evidence of traumatic injury and depression."  *Id*.  The later traumatic injury plaintiff claims the ALJ disregarded occurred in a May 2023 car accident, months before the September 2023 hearing.  *Id*., PageID.1445; ECF No. 4-1, PageID.29, 713-774, 1419.  Plaintiff' sustained several fractures from the accident and remained on crutches and in physical therapy in September 2023.  ECF No. 4-1, PageID.1431.  The ALJ did not disregard those injuries.

Rather, the ALJ detailed plaintiff's injuries from the accident and the treatment that followed when determining that the accident injuries did not constitute severe impairments.  *Id*., PageID.32-33.  The ALJ noted plaintiff's continued physical therapy, use of crutches, and documented limitations, and found, "Based on the available records, the claimant's

4

injuries appear to be healing, and the claimant's weightbearing abilities are increasing. The overall record does not show that the claimant's injuries have lasted or are expected to last for a minimum of 12 consecutive months." *Id.*, PageID.33.

Thus, the ALJ concluded that plaintiff's accident-related impairments "did not meet the duration requirement and are not severe medically determinable impairments under the Agency's regulations." *Id*. An impairment must meet the 12-month durational requirement to establish a disability. *See* Social Security Ruling (SSR) 82-52, 1982 WL 31376 (severe impairment must last or be expected to last for at least 12 continuous months); 20 C.F.R. pt. 404, subpt. P., app. 1, § 1.00D ("Because abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation.").

Disputing the ALJ's finding about the durational requirement, plaintiff argues that his right femur and right heel fractures were "non-healing" and that the healing process was "stalled." ECF No. 7, PageID.1445-1446 (citing ECF No. 4-1, PageID.1249-1251, 1256-1257). In July 2023, a treater did "have concerns for the healing of fracture of the femur." ECF No. 4-1, PageID.1257. But in September 2023, plaintiff's femur showed

"interval healing," and a treater advised him to "[s]top using cam boot," to begin "50% weightbearing using walking aid," and to "[s]tay off work till further follow-up in 3 months." *Id.*, PageID.1432.  This evidence suggests that plaintiff continued to heal, and thus provides substantial evidence supporting the ALJ's finding that plaintiff's accident-related limitations failed to meet the durational requirement.  As such, the ALJ not need include the accident-related limitations in plaintiff's RFC.[2]  *Ortiz-Rosado v. Comm'r of Soc. Sec.*, 12 F. App'x 349, 352 (6th Cir. 2001) ("The ALJ was not required to include this limitation in his hypothetical question because the record indicates that it did not meet the twelve-month duration requirement."); *Killian v. Comm'r of Soc. Sec.*, No. 2:20-CV-13345, 2022 WL 1498189, at *8 (E.D. Mich. Apr. 21, 2022), *adopted,* 2022 WL 1494707 (E.D. Mich. May 11, 2022) (same).

Plaintiff also argues that the ALJ erred by relying on opinions from state agency consultants to form the RFC because the consultants did not review the accident-related medical records.  ECF No. 7, PageID.1454.  But again, the substantial evidence supported the ALJ's decision to omit the accident-related limitations from the RFC.

---

[2] If plaintiff's accident did cause severe impairments that continued for 12 months or more, he may file a new application before December 31, 2026, his last insured date.  ECF No. 4-1, PageID.31.

6

The ALJ found the opinions of the state agency consultants to be persuasive and rendered an RFC consistent with those opinions. ECF No. 4-1, PageID.36, 42-43, 100-106. Those opinions provide substantial evidence supporting the ALJ's decision. *Hibbard v. Astrue*, 537 F. Supp. 2d 867, 874 (E.D. Ky. 2008) ("The Social Security regulations permit the ALJ to consider the medical opinions of State agency consultants; indeed, they are considered experts in Social Security disability evaluation.") (citing 20 C.F.R. § 404.1527(f)(2)).

Plaintiff also cites hospital records describing his August 2021 decompression and fusion surgery to address his spinal stenosis, and asserts that the ALJ failed to consider "the broader context of his limited functional capacity." ECF No. 7, PageID.1453-1454 (citing ECF No. 4-1, PageID.391-392, 406). But the Court does not have the discretion to consider the broader context by reweighing the evidence in the record. *Hatmaker*, 965 F. Supp. 2d at 930; *Cutlip*, 25 F.3d at 286. And even if evidence in the record could support a finding that plaintiff was more restricted, substantial evidence supports the ALJ's decision otherwise, so the Court must affirm his decision. *Cutlip*, 25 F.3d at 286.

**B.**

Plaintiff next argues that the ALJ did not adequately consider his subjective symptoms, citing his hearing testimony.  ECF No. 7, PageID.1459-1461.  Under the two-step process for evaluating a plaintiff's subjective symptoms, the ALJ first evaluates whether objective medical evidence of an underlying condition exists and whether that condition could reasonably be expected to produce the alleged symptoms.  20 C.F.R. § 404.1529(a); Social Security Ruling (SSR) 16-3p.  If so, the ALJ assesses any work-related limitations by determining the intensity, persistence, and limiting effects of these symptoms. 20 C.F.R. § 404.1529(a); SSR 16-3p.  In sum, ALJs assess whether the symptoms claimed are "consistent with the objective medical and other evidence in the individual's record."  SSR 16-3p.

Plaintiff claims that "the ALJ failed to follow the two-step symptom evaluation framework outlined in SSR 16-3p".  ECF No. 7, PageID.1459-1461.  That claim is false.  The ALJ here first "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent the objective evidence and other evidence," and then concluded that the alleged "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other

evidence in the record." ECF No. 4-1, PageID.37. He complied with SSR 16-3p.

And in arguing that the ALJ failed to follow the two-step process, plaintiff is really inviting the Court to improperly reweigh the evidence in the record. Plaintiff claims that ALJ did not meaningfully consider the "full timeline" of his injuries and impairments related to his 2023 car accident and his "protracted recovery from lumbar fusion surgery in 2021." ECF No. 7, ECF No. 1453. He claims the ALJ improperly discounted his reported symptoms by "selective interpretation of the record." *Id*., PageID.1459. But again, the Court has no discretion to reweigh the evidence by evaluating the full timeline of his injuries and recovery. *Cutlip,* 25 F.3d at 286.

Another reason that plaintiff's argument about the ALJ's subjective symptom analysis lacks merit is because his argument focuses on his May 2023 accident injuries. ECF No. 7, PageID.1458-1463. As noted, substantial evidence supported the ALJ's finding that the accident-related injuries did not meet the 12-month durational requirement. With that finding, the ALJ's analyzed the claimed subjective symptoms and medical evidence before the May 2023 accident. ECF No. 4-1, PageID.36-43. This was not error, as the ALJ had no duty to consider the accident-related

9

limitations. *Ortiz-Rosado*, 12 F. App'x at 352; *Killian*, 2022 WL 1498189, at *8.

### III. Conclusion

The Court thus **DENIES** plaintiff's motion for summary judgment (ECF No. 7), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 9), and **AFFIRMS** the decision of the Commissioner.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 30, 2026

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 30, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager